# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA               :

       -v-                                        : S3 08 CR 1109 (JSR)

JOHN B. OHLE III, and                      :
WILLIAM E. BRADLEY,
              Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## SECOND PRELIMINARY ORDER OF FORFEITURE
## AND RESTRAINT OF SUBSTITUTE ASSETS

WHEREAS, on April 1, 2010, John B. Ohle III, the defendant, was charged along with co-defendant William E. Bradley in a three-count Superseding Indictment, S3 08 Cr. 1109 (JSR) (the "Indictment"), with conspiracy to commit wire and mail fraud and to defraud the Internal Revenue Service, in violation of Title 18, United States Code, Section 371 (Count One), and tax evasion, in violation of Title 18, United States Code, Section 7201 (Counts Two and Three);

WHEREAS, the Indictment included a forfeiture allegation providing notice that the Government is seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, forfeiture of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the fraud offenses alleged in Count One, including but not limited to the following:

      a.     At least $5,000,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the conspiracy to commit the mail and wire fraud offenses contained in Count One, for which the defendants are jointly and severally liable;

2

   b.   All of defendant Ohle's right, title and interest in certain specific properties listed in the Indictment;

   WHEREAS, on June 2, 2010, defendant Ohle was found guilty of all counts of the Indictment and defendant Bradley was found guilty of Count One of the Indictment;

   WHEREAS, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and 2461, Title 21, United States Code, Section 853(g), and Federal Rule of Criminal Procedure 32.2(c), the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Properties listed on Schedule A annexed hereto to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

   WHEREAS, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and 2461, Title 21, United States Code, Section 853(p), and Federal Rule of Criminal Procedure 32.2(e)(1), in addition to seeking forfeiture of specific property that was derived from or used to facilitate a crime, the Government sought a money judgment against the defendant to recover the amount of the defendant's crime proceeds, such money judgment being equal to the gross proceeds of the defendant's crime, without deducting expenses;

   WHEREAS, on September 17, 2010, the Court held argument on the Government's forfeiture application, which application included a claim by the Government to proceeds or a money judgment totaling $2,954,334, of which $1,256,500 was attributable to the "referral fee" fraud against Bank One; $697,834 was attributable to the fraud against Ecetra Ames; and $1,000,000 was attributable to the HOMER fraud funds obtained through Ken Brown;

   WHEREAS, at the September 17, 2010 hearing and via written submissions, the Government identified and established, by a preponderance of the evidence, "proceeds" totaling $385,722.13

3

traceable to the $1,256,500 obtained by Ohle from the referral fee fraud;

WHEREAS, at the September 17, 2010 hearing and via written submissions, the Government identified and established, by a preponderance of the evidence, "proceeds" totaling $162,504.94 traceable to the $697,834 obtained by Ohle from the Ames fraud;

WHEREAS, at trial, at the September 17, 2010 hearing and via written submissions, the Government identified and established by a preponderance of the evidence, "proceeds" of Specific Properties a, b, e and f traceable to the $1,000,000 obtained from the HOMER fraud;

WHEREAS, on September 17, 2010, at the conclusion of the forfeiture hearing, the Court entered a temporary freeze, or restraining order, with respect to certain assets transferred by the JSJD Trust and/or John Ohle to Mint State, it appearing that there would be a money judgment in the amount of, at least, the difference between the total proceeds of the referral fee fraud and the Government's tracing of assets or other proceeds traceable to that fraud; and

WHEREAS, on September 20, 2010, the Government submitted a Declaration from IRS Special Agent Shawn Chandler, attesting to the fact that provides that property traceable to the referral fee fraud cannot be located upon the exercise of due diligence, has been transferred, sold to or deposited with a third party, has been placed beyond the jurisdiction of the Court, or has been commingled with other property that cannot be divided without difficulty, as a result of defendant Ohle's actions or omissions;

WHEREAS, on September 27, 2010, the Court entered an initial Preliminary Order of Forfeiture and Restraint of Substitute Assets as to defendant John Ohle related to the proceeds of the referral fee fraud;

WHEREAS, on November 5, 2010, the Court orally advised the parties in open court that, upon further consideration of the arguments and submissions on the issue of whether proceeds of the fraud should include $697,834 traceable to the Ecetra Ames fraud, the Court concluded that such amounts are properly included as proceeds of the fraud;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offense charged in Count One of the Indictment, for which defendants Ohle and Bradley were found guilty, a forfeiture money judgment in the amount of $2,699,334 in United States currency shall be entered against defendant Ohle, and a forfeiture money judgment in the amount of $255,000 in United States currency shall be entered against defendants Ohle and Bradley jointly and severally.

2.      Defendant Ohle shall also forfeit the Specific Properties to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n). In addition, defendants Ohle and Bradley shall forfeit any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the fraud offenses alleged in Count One, and all property traceable to such property.

3.      Pursuant to Federal Rule of Criminal Procedure Rule 32.2(b)(3), upon entry of this Preliminary Order of Forfeiture as to Specific Properties, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

4.      Upon entry of this Order, the United States Marshals Service (or its designee) is authorized to seize the Specific Properties, whether held by the defendant or a third party, and hold

5

the Specific Properties in its secure custody and control.

      5.      Pursuant to Title 21, United States Code, Section 853(n)(1) and Rule G(4)(a) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the government internet site, www.forfeiture.gov, notice of this Order and notice that any person, other than the defendant in this case, claiming an interest in the Specific Properties must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier, pursuant to Rule G(5) of the Supplemental Rules for Certain Admiralty of Maritime Claims and Asset Forfeiture Actions.

      6.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Properties and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

      7.      The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Properties, as a substitute for published notice as to those persons so notified.

      8.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Properties pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

      9.      All payments on the outstanding money judgment shall be made by postal

money order, bank or certified check, and payable, in this instance to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

      10.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

      11.    Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), this Order of Forfeiture shall be final as to the defendant at the time of sentencing and shall be made part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

      12.    The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Sharon Cohen Levin at the United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
      December 17 , 2011

                    SO ORDERED:

                    HONORABLE JED S. RAKOFF
                    UNITED STATES DISTRICT JUDGE

## SCHEDULE A

a.    An 82.77% interest in that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 1940 Chestnut Avenue, Wilmette, Illinois 60091, more particularly described as a single-family home owned by defendant John Ohle ("Ohle");

b.    All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 837 Royal Street, Unit K, New Orleans, Louisiana 70116, more particularly described as a condominium owned and controlled by Ohle and titled in the name of Dalton-Ohle Investment Property Trust;

c.    The sum of $483,634 in United States currency funds or other monetary instruments credited to account number 9006623694 in the name of John Ohle at Hibernia National Bank, New Orleans, Louisiana;

d.    The sum of $600,000 in United States currency funds or other monetary instruments credited to account number 5040000308 in John and Patricia Ohle's names at MB Financial Bank, Chicago, Illinois;

e.    One 2001 Upper Deck SP Legendary Cuts Player Cap Anson Baseball Card;

f.    Five PSA 10 2001 SP Authentic Tiger Woods Cards, more particularly described as: Signs of the Times Gold, numbered to 25; Rookie Card number 45 Gold Parallel, numbered to 100; Rookie Card number 45, numbered to 900; Tour Swatch; and Tour Swatch Gold, numbered to 25;

g.    1933 R338 Goudey "Sports Kings" #4 Red Grange PSA 7;

h.    1948 and 1960 Philadelphia Eagles Championship Programs and Tickets;

i.    One 1951 Chicago Bears Autograph Book;

j.    1968 Football Topps Test Team Sets (25);

k.    One 2000 Oklahoma Sooners Signed Helmet;

l.    Walter Payton Signed Football Cards (6);

m.    "Pistol Pete" Maravich Signed Sports Illustrated Cover;

n.    1971-1972 Topps Basketball Trios Stickers Complete Sets (26);

o.      1985 Star Basketball Bagged Team Sets (8);

p.      One "Pistol Pete" Maravich Signed 8x10 Photo;

q.      1984 Star Co. Basketball Sets (3) with Michael Jordan;

r.      1880's N78 Duke "Histories of Generals" Booklets (17);

s.      Gen. Robert E. Lee & Traveler in Original Box;

t.      Chicago Cubs Portraits Collection (22) by Andy Jurinko;

u.      One 1961 Roger Maris 61st Home Run Ticket Stub;

v.      Paul Waner Single Signature Baseball;

w.      Burleigh Grimes & Edd Roush Signed Portrait Baseballs;

x.      1948 Leaf Boxing PSA 8 Group with Joe Louis (22);

y.      1951 Topps Ringside #43 Ray Robinson PSA 8;

z.      Muhammad Ali Fight Tickets (3);

aa.     1976 Ali vs Young Fight Program;

bb.     1976 Muhammad Ali vs Richard Dunn Full Ticket;

cc.     1977 Ali vs Shavers Fight Program & Full Ticket;

dd.     Joe DiMaggio Painted and Signed Home Plate;

ee.     Oversized Dr. Seuss Signed Original "Cat in the Hat" Drawing;

ff.     "Mushmouth" Fat Albert Animation Cel Signed by Bill Cosby;

gg.     Ted Knight's "Judge Smails" Captains Hat From "Caddy Shack";

hh.     Batman Movie Prop Badge;

ii.     George Bush Limited Edition Signed Yale Baseball Jersey;

2

jj.    Chicago Cubs Sign;

kk.    George Mikan's 50 Greatest Players Signed Lithograph;

ll.    Julius Erving Game Worn Shoes;

mm.    Karl Malone Game Used Road Jersey;

nn.    Shaquille O'Neal Game Used Home Jersey;

oo.    Complete Run of Original Super Bowl Tickets (1-35);

pp.    1979-80 "Pistol Pete" Maravich Boston Celtics Game-Worn Warmup Jacket;

qq.    1982 Final Four Full Tickets (2);

rr.    The Ultimate Mickey Mantle Single Signed Stat McPhail Ball;

ss.    1965 Very Rare Ali-Liston Stepin Fetchit Program;

tt.    1973 Muhammad Ali Broken Jaw X-Ray Signed by Ali and Norton;

uu.    Muhammad Ali's Personal Ticket to Ali-London Fight;

vv.    Payne Stewart-Worn Cap, Knickers and Socks with Copy of a Letter from His Wife;

ww.    Early 1990s Andre Dawson Autographed Game-Used Bat;

xx.    1998 Mark Grace Chicago Cubs Game-Used and Signed Bat with Team Letter;

yy.    Negro Leagues Single Signed Baseballs (8);

zz.    1999 Sammy Sosa Complete Run of Unused Home Run Tickets;

aaa.    1933 Gridiron Football Coin-Op Machine;

bbb.    1941 and 1943 Chicago Bears NFL Championship Game Programs (2);

ccc.    1950's "Fighting Irish" Pinball Game;

3

ddd.   1983 through 1986 Star Co. Basketball Card Complete Set Collection (36);

eee.   Cassius Clay Signed 1960 Olympic Program;

fff.   1964 Clay vs Liston First Fight Site Program;

ggg.   1965-1978 Muhammad Ali Fight Program Collection (7);

hhh.   1972 Ali vs Patterson Fight Worn Trunks;

iii.   Muhammad Ali Fight Worn Robe from the Thrilla in Manila;

jjj.   Jimmie Foxx Single Signature Baseball;

kkk.   Tris Speaker Single Signed Baseball;

lll.   "Superb" Mark McGwire Autographed Baseball Hoard (27);

mmm.   Chicago White Sox Portraits Collection (21) by Andy Jurinko;

nnn.   William Wrigley Autographed Photo;

ooo.   1930's "Charlie Grimm's Cubs" Portrait Pennant;

ppp.   1948 Charlie Grimm Chicago Cubs Complete Uniform;

qqq.   Pre-1916 Eddie Collins Side-written Game Used Bat;

rrr.   1920's Ki Ki Cuyler Game Used Bat;

sss.   1916-20 Ty Cobb Game Used Bat;

ttt.   1950's Williams "Lucky Inning" Pinball Game;

uuu.   "Spectacular" 1957 Williams Deluxe "Official Baseball" Pinball Machine;

vvv.   Negro League Old Timers Signed Jersey, Bat, and Poster;

www.   1991 Score Mickey Mantle Autographed PSA-Graded Proof Set (7);

xxx.   High Grade 1951 Topps Ringside Boxing Near Set (82/96);

yyy.   Mickey Mantle Signed Replica Jersey;

zzz.   1938 World Series Signed Team Ball;

aaaa.   Roberto Clemente Single Signature Ball;

bbbb.   1965-68 Pete Rose Game Used Bat;

cccc.   Early 1980's George Brett Louisville Slugger Signed Game Used Bat;

dddd.   1984 Mike Schmidt Home Run Game Bat;

eeee.   "Unbelievable" Willie Mays Game Used Sunglasses;

ffff.   Sports cards and other items purchased from Mint State Inc. for $32,000 in or about March 2002 pursuant to invoices #188 and 189;

gggg.   Sports cards and other items purchased from Mint State Inc. for $24,000 in or about April 2002 pursuant to invoices #240.